UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

STEVEN HARVEY BISHOP,

                Defendant.
_____/

CR. NO. 22-20636

HON. MATTHEW F. LEITMAN

## **RESPONSE TO MOTION BY CHARLES BLACKWELL**

Defendant, Steven Harvey Bishop, by and through his attorney, David C. Tholen of the Federal Community Defender, in response to Charles Blackwell's Motion to Unseal Defendant Steven Bishop's sentencing memorandum, ECF 40, files this response brief opposing Mr. Blackwell's request to unseal the sentencing memorandum.

### Background

On September 8, 2023, Counsel for Defendant Bishop submitted a request to seal the sentencing memorandum he filed prior to Defendant's sentencing hearing. The request to seal specifically identified the basis for sealing the sentencing memorandum, stating "the memorandum contains personal identifying information and sensitive medical information." Pursuant to the Local Rule,

1

Counsel also sought and received concurrence from the Government to file the sentencing memorandum under seal. The Court found good cause to seal the memorandum based upon the averments contained in defense counsel's Motion to Seal.

On or about April 26, 2024, interested party, Mr. Blackwell submitted a letter to the Court requesting that the Court unseal Defendant's Bishop's sealed sentencing memorandum. In his letter, Mr. Blackwell states that the Court granted Counsel's motion to seal with a "barebones" order that did not comply with Sixth Circuit precedent or Local Rule 5.3(b)(3)(C)(i).

On June 5, 2024, the Court held a status conference. Mr. Blackwell did not appear at this proceeding. At that time, the Court proposed, and the parties agreed, to treat Mr. Blackwell's letter as a motion to unseal. The Court also entered a scheduling order setting a briefing schedule in the case.

On June 6, 2024, Mr. Blackwell filed an emergency motion for expedited briefing schedule. In his emergency motion, Mr. Blackwell stated, "Each passing day that the Movant and the public does not have access to this sentencing memorandum violates the First Amendment and this constitutes "irreparable injury" warranting emergency consideration by this Court on an expedited basis." (See Emergency Motion at page 3, paragraph 8).

Based on Mr. Blackwell's motion, on June 14, 2024, the Court held a second

status conference to address Mr. Blackwell's request for an expedited briefing schedule. Mr. Blackwell was present at this conference. Contrary to the statement in his motion, Mr. Blackwell acknowledged that there was no specific "time pressure" in this case but he stated that he desired more details about Defendant Bishop and the information in the sentencing memorandum and would persist with his request. At the conclusion of the conference, the Court ruled that it would keep the previously scheduled briefing schedule.

Counsel for Defendant Bishop submits that the motion to seal was sufficient, that pursuant to the Local Rules, concurrence was sought and received from the Government, and that the Court properly sealed the sentencing memorandum in this matter.

## ARGUMENT

Counsel is mindful that the Supreme Court has repeatedly emphasized, there is a strong presumption of openness in criminal trials. *Application of Storer Commc'ns, Inc.,* 828 F.2d 330, 336 (6th Cir. 1987). Public access to criminal trials is a fundamental right under the First Amendment. *United States v. Beckham,* 789 F.2d 401, 407 *(*6th Cir. 1986*).* The public has a qualified right of access to judicial proceedings and documents under both common law and the First Amendment. *In re Search of Fair Fin.,* 692 F.3d 424, 429 (6th Cir. 2012).

3

### There is a Constitutional Right of Public Access

It is well established that the public and press have a right to access court proceedings and records, which is protected by common law and the First Amendment. *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177 (1983). This right of access applies to criminal trials, proceedings, and court records. *In re Search of Fair Finance,* 692 F.3d 424, 429 (6th Cir. 2021). The Sixth Circuit has long recognized a strong presumption in favor of openness as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016).

Federal courts have held that the First Amendment also applies to sentencing proceedings. *United States v. Nallani,* 2016 wl 4138227 (E.D. Mich.) at p. 2 collecting cases. Courts also recognize a First Amendment right of access to documents filed for use in sentencing proceedings. *Id.* citing *United States v. Alcantara,* 396 F.3d 189, 199 (2nd Cir. 2005). Such materials include, for example, letters submitted in support of the defendant and medical records on which the Court is asked to relay. *Id.* citing *United States v. Dare,* 568 F.Supp. 2d 242, 244 (N.D.N.Y. 2008). In addition, courts have found a presumption of public access to sentencing memoranda. *United States v. Markovitz,* 2024 wl 1674119 (E.D. Mich) at page 2, collecting cases.

## The Public Right of Access is not Unlimited

Nevertheless, the constitutional right of public assess is a qualified right that may be outweighed by competing interests in a given case. *Press-Enterprise Co. v. Super. Ct.,* 464 U.S. 501, 511 n. 10 (1984). Specifically, the privacy interests of innocent third parties **as well as those of defendants** that may be harmed by disclosure should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or be redacted. *United States v. Silver,* 2016 wl 1572993, at p. 5-7 (S.D.N.Y. Apr. 14, 2016) (emphasis added). Courts have long declined to allow public access simply to cater to morbid craving for that which is sensational or impure. *United States v. Sattar,* 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) citing *United States v. Amodeo II,* 71 F.3d 1044, 1051 (2nd Cir. 1995). Courts have the power to insure that their records are not used to gratify private spite or promote public scandal. *Id.* Family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. *Id.* Furthermore, there is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute. *Sattar,* at 387.

In the instant case, the sentencing memorandum contains intensely personal information regarding Defendant Bishop's childhood, victimization, and medical

diagnoses and treatment. Much of this information is deeply personal and could potentially subject Defendant to embarrassment, ridicule, and possibly physical harm. Defendant's physical and mental health information is medical information which is protected under HIPPA regulations and cannot be released except with the person's consent. Lastly, the sentencing memorandum contains information taken directly from a federal presentence investigation report which the public is legally prohibited from viewing or having access to. Under these circumstances, the public right to these records is outweighed by Defendant's considerable privacy interest in his medical records and personal information.

## Conclusion

Based on the foregoing discussion, the Court should deny Mr. Blackwell's request to intervene and unseal Defendant Bishop's sentencing memorandum.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**

s/David C. Tholen
DAVID C. THOLEN (P43836)
Attorney for Stephen Bishop
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5542

Dated: July 18, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STEPHEN HARVEY BISHOP,

        Defendant.

                                   /

CR. NO. 22-0636

HON. MATTHEW F. LEITMAN

## CERTIFICATE OF SERVICE

     I, hereby certify that on July 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Christopher Rawsthorne
        Assistant United States Attorney
        United States Attorney's Office
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226

        Charles Blackwell
        22655 Fairmont Dr, Apt 102
        Farmington Hills, MI 48335

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**

s/David C. Tholen
DAVID C. THOLEN (P43836)
Attorney for Stephen Bishop
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5542

Dated:  July 18, 2024