# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

**UNITED STATES OF AMERICA**

      Plaintiff,                          Case No. 22-cr-20636
                                              Hon. Matthew F. Leitman

v.

**STEVEN HARVEY BISHOP**

      Defendant,

_____

## INTERESTED PARTY CHARLES BLACKWELL RESPONSE TO THE DEFENDANT'S RESPONSE BRIEF [ECF No. 43]

1

## STATEMENT OF QUESTION PRESENTED

1. Should the sealed sentencing memorandum of Steven Bishop be unsealed in its entirety—or with, at most, extremely limited redactions necessitated by a compelling interest—pursuant to the First Amendment and/or common law right of access?

   Interested Party Charles Blackwell answers: "Yes."

## TABLE OF CONTENT

STATEMENT OF QUESTION PRESENTED ........................................................2

TABLE OF AUTHORITIES ...................................................................................4

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................6

INTRODUCTION ...................................................................................................7

   I.   The public and the press have a constitutional and common law right of access to the sealed sentencing memorandum......................................................8

   II.   This Court's generic one sentence order granting the motion to seal violates Shane Group and E.D Mich LR 5.3(b)(C)(i). .....................................................14

## TABLE OF AUTHORITIES

**Cases**

*Baxter Int'l, Inc. v. Abbott Labs.*,

    297 F.3d 544 (7th Cir. 2002) ....................................................................8

*Beauchamp v. Federal Home Mortgage Corp.*,

    658 F. App'x 202 (6th Cir. 2016)..........................................................16

*Brown & Williamson Tobacco Corp. v. FTC*,

    710 F.2d 1165 (6th Cir. 1983) ....................................................... 11, 16

*CVB, INC. v. United States*,

    681 F. Supp. 3d 1313 (Ct. Int'l Trade 2024).........................................7

*In re Knoxville News-Sentinel Co.*,

    723 F.2d 470 (6th Cir. 1983) ................................................................14

*In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*,

    964 F.3d 1121 (D.C. Cir. 2020)...........................................................13

*Kondash v. Kia Motors Am., Inc.*,

    767 F. App'x 635 (6th Cir. 2019).........................................................8

*Lipman v. Budish*,

    974 F.3d 726 (6th Cir. 2020) ...............................................................13

*Old Kent Bank v. Kal Kustom Enterprises*,

    255 Mich. App. 524; 660 NW2d 384 (2003).......................................12

*Press-Enterprise Co. v. Superior Court*,

    464 U.S. 501 (1984)...............................................................................13

*Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*,

    No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577 (W.D. Ky. Nov. 25, 2020) ....14

*Shane Group v. Blue Cross Blue Shield*,

    825 F.3d 299 (6th. Cir. 2016) ..................................................... passim

*United States v. Cunningham*,

    680 F. Supp. 2d 844 (N.D. Ohio 2010) ....................................................................7

*United States v. Dare*,

    568 F. Supp. 2d 242 (N.D.N.Y 2008)....................................................................10

*United States v. DiMasi*,

    215 F. Supp. 3d 179 (D. Mass. 2016)....................................................................11

*United States v. King*,

    2012 WL 2196674 (S.D.N.Y. June 15, 2012) ....................................................11

*United States v. Kravetz*,

    706 F.3d 47 (1st Cir. 2013)....................................................................10

*United States v. Sattar*,

    471 F. Supp. 2d 380 (S.D.N.Y 2006) ....................................................................10

*Vyletel-Rivard v Rivard*,

    286 Mich App 13; 777 NW2d 722 (2009)............................................................12

**Eastern District of Michigan Local Court Rules**

E.D. Mich. LR 5.3(b)(2) ....................................................................12

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299 (6th Cir. 2016)

- Eastern District of Michigan LR 5.3

"Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease."[1]

## INTRODUCTION

"Like a student taking a math test, courts are expected to show their work. The public does not and should not accept final answers to complicated questions on faith alone." *CVB, INC. v. United States*, 681 F. Supp. 3d 1313, 1321 (Ct. Int'l Trade 2024). Or as the Sixth Circuit has stated, "the public is entitled to assess for itself the merits of judicial decisions." *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299, 305 (6th Cir. 2016). This Court used the United States Government and Mr. Bishop's sentencing memorandum to mathematically impose a custodial sentence in accordance with the relevant sentencing factors set forth by Congress. *See* 18 U.S.C. § 3553(a). Like the aforementioned cited math test analogy, the public is entitled to see this Court's work in this matter. (i.e. Mr. Bishop's sentencing memorandum).

Public access to not only court proceedings, but also court records, maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court, not shrouded in secrecy. The First Amendment,

---

[1] Hon Judge John Adams, Northern District of Ohio, *United States v. Cunningham*, 680 F. Supp. 2d 844, 847 (N.D. Ohio 2010).

common law, and the Sixth Circuit's rigorous sealing standards require for this Court to unseal Mr. Bishop's sentencing memorandum.

I.   **The public and the press have a constitutional and common law right of access to the sealed sentencing memorandum.**

1.   **Defendant Bishop has not met the heavy burden required in order to seal his sentencing memorandum.**

A party has a "heavy" burden of overcoming the presumption of public access to judicial records by showing that (1) a compelling interest warrants sealing the records; (2) the interest in sealing outweighs the public's interest in accessing the records; and (3) the sealing request is narrowly tailored.  *Kondash v. Kia Motors Am., Inc*., 767 F. App'x 635, 637 (6th. Cir. 2019) (citing *Shane Group v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th. Cir. 2016)).  Furthermore, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Group*, 825 F.3d at 305.  Since this is a criminal case involving harm to the public's safety and welfare, the necessary burden by Mr. Bishop in order to overcome the public's presumption of access is even greater.

In addressing the above three sealing factors, the party seeking to seal judicial records must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group*, 825 F.3d at 305-306. (citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 548 (7th. Cir. 2002)); see also E.D

Mich. LR 5.3(b)(3)(A)(iv) (stating "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority."). Mr. Bishop's one-page motion to seal was devoid of all of these requirements. (ECF No. 26).

Mr. Bishop now states "[t]he Court found good cause to seal the memorandum based upon the averments contained in defense counsel's Motion to Seal." (ECF No. 43, PageID.211). First, the Court did not find anything. The Court simply granted the motion to seal without any explanation. *See*, supra, SECTION.II. (discussing the Court's violation of *Shane Group* by failing to set forth findings of fact and conclusions of law supporting the sealing order). Secondly, the "good cause" protective order standard is not the standard that governs sealing judicial records. Instead, a more demanding constitutional standard governs sealing judicial records. *See Shane Group*, 825 F. 3d at 307. ("In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view.").

**2. Defendant Bishop's alleged "sensitive medical information" is not a sufficient compelling interest that outweighs the public's interest in disclosure because he used this medical information to seek leniency.**

Not all medical ailments, diagnosis, or conditions that a criminal defendant suffers from is an automatic basis to seal or redact a judicial record. As the First

9

Circuit has noted in a criminal case, the "privacy interest in medical information is neither fundamental nor absolute." *United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013) (citing *United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y 2006). Defendant Bishop even directly acknowledges this point in his response brief. (ECF No. 43, PageID.214) (citing *Sattar*, 471 F. Supp. 2d at 387).

This proposition makes a ton of sense. For example, a criminal defendant who suffers from a minor medical condition such as insomnia, asthma, migraines, general anxiety, etc, would not be a sufficient medical basis to seal or redact a judicial record. Otherwise, nothing would stop a litigant from arguing de minimis medical conditions in an attempt (or gamesmanship) to circumvent the public's presumptive right to access judicial records. A defendant would argue in their motion to seal, "your honor, I was diagnosed with bad migraines, please seal my sentencing memorandum as this is sensitive medical information."

There is case authority that suggests that the public has the right to access medical information submitted by a criminal defendant in their sentencing memorandum in order to mitigate their sentence. See *United States v. Dare*, 568 F. Supp. 2d 242 (N.D.N.Y 2008). In *Dare*, District Court Judge Kahn of the Northern District of New York stated:

> Here, Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence. By disclosing this information, which

is a critical part of the memoranda, the Court does not believe it takes a risk of discouraging the full disclosure of such information in future cases. Under other circumstances, the Court could be convinced to redact a defendant's medical records, which surely are among an individual's most private matters. <u>Here, the public right to these records, which inform the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records.</u>

*Id*. at 244. (emphasis added); *United States v. DiMasi*, 215 F. Supp. 3d 179, 183 n. 3 (D. Mass. 2016) ("In any event, the public interest in the information on which a judicial decision is made may outweigh an individual's interest in privacy when his medical condition and prognosis are argued to be material to determining an appropriate sentence."); *United States v. King*, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (declining to seal medical records because the defendant asked the court "to consider [her medical records] in arriving at the sentence in [her] case").

Like in *Dare*, *King,* and *DiMasi*, Defendant Bishop has <u>*voluntarily*</u> supplied this Court with his medical information in hopes of seeking unwarranted sympathy and for the purposes of mitigating his custodial sentence.  But as it has been noted, "the public has a strong interest in obtaining the information contained in the court record" and "the public is entitled to assess for itself the merits of judicial decisions." *Shane Group*, 825 F.3d at 305.  The public cannot assess for itself the merits of this Court's sentence of Mr. Bishop without access to his sentencing memorandum which presented medical reasons, *inter alia*, why the Court should mitigate his custodial sentence. See *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165,

11

1177 (6th Cir. 1983) (stating "court records often provide important, sometimes the only, bases or explanations for a court's decision.").

**3. Defendant Bishop's sealing of his entire sentencing memorandum violates the mandatory requirement of narrowly tailoring.**

Even if Defendant Bishop has a legitimate compelling interest (i.e. medical information) warranting sealing, it must be accomplished through narrowly tailored measures, not wholesale sealing.  Let's start with the Eastern District of Michigan Local Court Rules. Pursuant to E.D. Mich. LR 5.3(b)(2), it states "[a] party . . . <u>must file and serve a motion to authorize sealing that is narrowly tailored</u> to seek sealing in accord with applicable law." (emphasis added).[2]  In addition, the Court's comments to Local Rule 5.3 states, "[p]arties are encouraged to consider redaction of documents to excise those portions which are deemed confidential and not relevant to the matter before the court, and thus avoid a sealing motion."  E.D. Mich. L.R. § 5.3, Cmt. to 2018 Revisions.

Not only does the Local Court Rules require narrowly tailoring, but the overwhelming weight of the Supreme Court and Sixth Circuit's precedent does as well.  As the Supreme Court has stated, "[t]he presumption of openness may be

---

[2]      The term "must" indicate that something is mandatory. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009); *Old Kent Bank v. Kal Kustom Enterprises*, 255 Mich. App. 524, 532-533; 660 NW2d 384 (2003).

overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) ("Press-Enterprise I")). More to this point, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Group*, 825 F.3d at 305. (emphasis added). The Sixth Circuit has made clear that redactions, not wholesale sealing is the answer. See *Lipman v. Budish*, 974 F.3d 726, 754 (6th Cir. 2020) ("When the information at issue is limited to just four out of more than fifty pages, redaction—not sealing—is the answer.").[3]

In order to effectuate the requirements of narrowly tailoring, the proponent seeking to seal judicial records must "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Shane Grp*., Inc., 825 F.3d at 308. (emphasis added).

---

[3]     Nor may a party use the excuse of the administrative burden (time and manpower) that accompanies redacting judicial records as an excuse to instead keep records sealed. *See In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords*., 964 F.3d 1121, 1134 (D.C. Cir. 2020) (Merrick Garland, J.)

Defendant Bishop's initial one-page motion to seal (ECF No. 26), and his subsequent seven-page response brief to Mr. Blackwell's motion to unseal (ECF No. 43), are both entirely devoid of the required narrowly tailoring and "line-by-line" analysis required by *Shane Group* demonstrating how each line of the redacted sentencing memorandum "meets the demanding requirements for a seal." *Shane Grp., Inc*., 825 F.3d at 308. "A party cannot expect to reap the benefits of an overbroad request by placing the onus on the Court to determine on a `line-by-line basis—that specific information in the court record meets the demanding requirements for a seal.'" *Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *4 (W.D. Ky. Nov. 25, 2020) (quoting *Shane Group*, 825 F.3d at 308).

## II.   This Court's generic one sentence order granting the motion to seal violates Shane Group and E.D Mich LR 5.3(b)(C)(i).

Whenever a motion to seal judicial records comes across a district court judge's desk, "the court has an independent obligation to consider the rights of the public." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co*., 834 F.3d 589, 595 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 475 (6th Cir. 1983)). The Court's obligation to consider the rights of the public and press remains true "even if neither party objects to the motion to seal" because the parties

14

"could not have waived the public's First Amendment and common law right of access to court filings." *Id.* at 595.

In order to ensure that the public's and press' right to judicial records is not improperly restricted, "a district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." *Shane Group*, 825 F.3d at 306.  In addition to these specific findings and legal conclusions, the Court's sealing order must indicate "why the seal itself is no broader than necessary."  *Rudd Equip*, 834 F.3d at 594; *Shane Group*, 825 F.3d at 306. (*Shane Group* and *Rudd Equip* both require a district court judge to state how the particular sealing order is narrowly tailored).

This Court simply granted Mr. Bishop's motion to seal with a perfunctory one-sentence generic order.  (ECF No. 27, order on motion to seal).  The entirety of the order states:

> "Upon request of the Defendant, Steven Harvey Bishop, to file his Sentencing Memorandum be filed under seal.
>
> IT IS HEREBY ORDERED that the Sentencing Memorandum be filed under seal."

(ECF No. 27 at PageID.153).

The Court's sealing order is patently inadequate with *Shane Group's* requirements.  First, the Court's order granting the motion to seal failed to "set forth

specific findings and conclusions which justify nondisclosure to the public." *Shane Group*, 825 F.3d at 306. Secondly, the order granting the motion to seal does not indicate how the sealing of the entire sentencing memorandum, instead of targeted redactions, is no broader than necessary. *Id.* These substantive failures by the Court violates *Shane Group* and warrants vacating the sealing order:

> And a court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary — is itself grounds to vacate an order to seal.

*Shane Group*, 825 F.3d at 306. (emphasis added). The Sixth Circuit has even vacated improperly entered sealing orders *sua sponte* at least twice on appeal for these very same deficiencies. See *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983). ("Because of its importance, we reach the question on our own motion. Under the First Amendment and the common law, we conclude that the District Court erred by failing to state findings or conclusions which justify nondisclosure to the public."); *Beauchamp v. Federal Home Mortgage Corp.*, 658 F. App'x 202, 207-08 (6th Cir. 2016) (district court orders to seal documents vacated *sua sponte* for lack of findings and conclusions to justify withholding documents from the public).

16

## CONCLUSION

For the reasons set forth above, interested party, Charles Blackwell, respectfully requests that this Court unseal Defendant Bishop's sentencing memorandum in its entirety.

/s/CharlesBlackwell

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 19th, 2024, via:

_____ U.S. Mail                     _____ Facsimile

____X____ ECF/CM Filing          _____ Hand Delivery

_____ E-Mail                        _____ Federal Express

17